■ ANTHONY M. BARRACO, P. C., Respondent, v DONALD P. ROSENDALE, Appellant.—Mercure, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered October 19, 1988 in Ulster County, which, *inter alia,* granted plaintiff's motion for summary judgment in lieu of complaint, and (2) from the judgment entered thereon.

Although the record on appeal is somewhat unclear, it appears that plaintiff, a professional corporation, was one of several law firms which performed legal services on behalf of defendant and that at some unspecified time defendant placed the sum of $100,000 in escrow with the New York City law firm of Lankenau, Kovner & Bickford to be used for payment of the fees of defendant's "various attorneys". Plaintiff, claiming entitlement to a net fee and disbursement of $1,312.50 as of August 6, 1987, made unsuccessful efforts to collect the fee from the escrow agent and then brought this motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to recover it from defendant.

The motion was supported by an affirmation of Anthony Barraco, plaintiff's principal, which, *inter alia,* incorporated as exhibits (1) a copy of an August 6, 1987 letter from plaintiff to defendant, stating the extent of legal services rendered and a disbursement which had been made on defendant's behalf, and requesting payment of the fee, and (2) a copy of a November 25, 1987 letter from defendant to the escrow agent which stated as follows: "Mr. Barraco has submitted a final bill of $1,220 to me. I have reviewed it carefully, and it is fully accurate, documented and appropriate. I am authorizing you as escrow agent to pay this sum directly to Mr. Barraco from the funds you hold for that purpose." Defendant, *pro se,* opposed the motion, asserting only that resolution of the motion should await determination of a pending motion to dismiss the action for failure to name the escrow agent,

allegedly a necessary party, that plaintiff inadequately substantiated its fee on a quantum meruit basis and that recovery should be had from the escrow agent. Supreme Court granted the motion for summary judgment for the full amount sought by plaintiff. Defendant appeals.

As a preliminary matter, we reject plaintiff's assertion that defendant impermissibly appeals from the order denying his motion for reargument and that the appeal should, accordingly, be dismissed. Although defendant did unsuccessfully move for reargument, it is clear from a reading of his notice of appeal that the instant appeal is from the order granting summary judgment and, by implication, the judgment entered thereon.

Turning to the merits, we consider the threshold issue of whether the letter from defendant to the escrow agent constitutes "an instrument for the payment of money only" so as to permit resort to the accelerated procedure of CPLR 3213. "[CPLR 3213] is not limited to negotiable and nonnegotiable paper within the terms of article 3 of the Uniform Commercial Code * * *. Rather, what is required is a written unconditional instrument, evidencing an obligation to pay a sum at a certain time or over a stated period" *(Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, 22), a requirement which may be satisfied by correspondence signed by the party to be charged *(see, supra; Ace Off. Cleaning Corp. v Brodsky, Hopf & Adler,* 81 Misc 2d 170; *Baker v Gundermann,* 52 Misc 2d 639; *cf., Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151, 155-156). Here, in his November 25, 1987 letter, defendant evidenced his obligation to plaintiff in the clearest of terms and directed immediate payment of the bill from funds which he believed were available for that purpose, thus permitting the accelerated summary judgment procedure of CPLR 3213.

Moreover, it is our view that summary judgment was properly granted in favor of plaintiff. Since plaintiff's August 6, 1987 statement qualifies as an account stated *(see, Interman Indus. Prods. v R. S. M. Electron Power, supra,* at 153-154) and is supported by a "written document subscribed by the party to be charged thereunder" *(supra,* at 152), it constitutes prima facie evidence of defendant's indebtedness, at least in the amount acknowledged. Clearly, the affidavit submitted in opposition to the motion failed to raise a factual issue. However, since defendant acknowledged an obligation in the amount of only $1,220, Supreme Court erred in granting

judgment for more than that amount. The judgment should be modified accordingly.

Defendant's remaining contentions have either not been preserved for our review or are found to be meritless.

Order and judgment modified, on the law, without costs, by reducing the sum of $1,312.50 to $1,220, and, as so modified, affirmed. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.