(November 23, 1992)

■ AFCO CREDIT CORPORATION, Appellant, v BOROPARK TWELFTH AVENUE REALTY CORP., Respondent.—In an action to recover on a loan, the plaintiff Afco Credit Corporation appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered August 30, 1990, which denied its motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of judgment in the principal sum of $5,100.55, and a hearing with respect to the amount of attorneys' fees to be awarded.

The plaintiff Afco Credit Corporation, an insurance premium financing company, commenced this action by motion for summary judgment in lieu of complaint under CPLR 3213 to recover money advanced to the defendant Boropark Twelfth Avenue Realty Corp., under a premium finance agreement entered into between them. The motion was denied on the ground that the agreement did not constitute an "instrument for the payment of money only" so as to qualify for summary judgment in lieu of complaint (CPLR 3213). We reverse.

"[A]n instrument qualifies for CPLR 3213 treatment * * * if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms[; then] the moving party would be entitled to summary judgment unless the other party came forward with evidentiary proof sufficient to raise an issue as to the defenses to the instrument" (Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151, 155, citing Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, affd 29 NY2d 617). In the case at bar, the premium finance agreement contains an unconditional promise by the insured to repay to the lender the moneys advanced on its behalf for payment of the insured's insurance premium. Although the agreement also contains other provisions and terms, none of these requires additional performance by the lender as a condition precedent to repayment, or otherwise alter the insured's promise of repayment. Accordingly, the premium finance agreement qualifies for treatment as an instrument for the payment of money only under CPLR 3213 (see, Maglich v Saxe, Bacon & Bolan, 97 AD2d 19, 22; see also, Barraco v Rosendale, 162 AD2d 899, 900).

Although the plaintiff is entitled to summary judgment for the amount stated under the agreement, the amount of attor-

neys' fees due under the agreement, if any, is not a sum certain, and, therefore, the matter must be remitted to the Supreme Court, Nassau County, for a hearing on that issue. Lawrence, J. P., Copertino, Pizzuto and Santucci, JJ., concur.