■ RITA BORG, as Executor of JACOB BORG, Deceased, Appellant, v BELAIR RIDGE DEVELOPMENT CORP. et al., Respondents. [705 NYS2d 260] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated May 18, 1999, as denied the motion.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for entry of a judgment in favor of the plaintiff and against the defendants in the principal amount of $157,000 and a hearing with respect to the amount of an attorney's fee to be awarded to the plaintiff.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law under CPLR 3213 by demonstrating the existence of a promissory note executed by the defendants, the unconditional terms of repayment, and the defendants' default thereunder (*see, Haselnuss v Delta Testing Labs.*, 249 AD2d 509; *East N. Y. Sav. Bank v Baccaray*, 214 AD2d 601).

Contrary to the defendants' contention, although the note referred to other conditions and terms, none of these placed additional requirements on the absolute and unconditional obligation to pay on the note (*see, Haselnuss v Delta Testing Labs., supra; Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.*, 187 AD2d 634). Further, because of the clear and unequivocal language contained in both the disclaimer and merger clauses of the contract of sale, the defendants are estopped from establishing any defenses which could raise triable issues of fact in opposition to this motion (*see, Danann Realty Corp. v Harris*, 5 NY2d 317; *Taormina v Hibsher*, 215 AD2d 549). Therefore, the plaintiff's motion for summary judgment in lieu of a complaint is granted.

Although the plaintiff is entitled to summary judgment for the amount stated under the note, the amount of an attorney's fee due under the note is not a sum certain. Therefore, the matter must be remitted to Supreme Court, Queens County, for a hearing on the issue (*see, Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp., supra*). O'Brien, J. P., Sullivan, Luciano and Smith, JJ., concur.