THERESA STRIANO REVOCABLE TRUST, Respondent, v PAUL J. HOFFMAN, Appellant. (And a Third-Party Action.) [896 NYS2d 682]—

In an action, inter alia, to recover damages for breach of a loan agreement, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 18, 2009, which granted the plaintiff's motion for sum-

mary judgment on so much of the complaint as sought to recover damages for breach of a loan agreement in the principal sum of $100,000.

Ordered that the order is affirmed, with costs.

In September 2003 the plaintiff and the defendant entered into a loan agreement (hereinafter the agreement) whereby the plaintiff agreed to loan the defendant the sum of $100,000. In December 2008 the plaintiff commenced this action, inter alia, to recover damages for breach of the agreement. The Supreme Court granted the plaintiff's motion for summary judgment on so much of the complaint as sought to recover damages for breach of the Agreement in the principal sum of $100,000. We affirm.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating the existence of the Agreement and the defendant's default thereunder (see *Fleet Bank v M & Z Headwear*, 308 AD2d 507 [2003]). In opposition, the defendant failed to raise a triable issue of fact (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment.

Contrary to the defendant's contention, the plaintiff's motion was not premature, as the defendant failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence and that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff and the third-party defendants (see *Corwin v Heart Share Human Servs. of N.Y.*, 66 AD3d 814, 815 [2009]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]).

The defendant's remaining contention is without merit. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.