In the Matter of LANDMASTER MONTG I, LLC, et al., Respondents, v TOWN OF MONTGOMERY et al., Appellants. (Matter No. 1.) In the Matter of ROSWIND FARMLAND CORP. et al., Respondents, v TOWN OF MONTGOMERY et al., Appellants. (Matter No. 2.) [898 NYS2d 873]—

In related hybrid proceedings, inter alia, pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Montgomery dated July 29, 2004, adopting a Comprehensive Plan for the Town of Montgomery, and actions for, inter alia, judgments declaring that the Comprehensive Plan for the Town of Montgomery and Local Laws Nos. 4 and 5 (2004) of the Town of Montgomery are unconstitutional as exclusionary zoning, the Town of Montgomery, Town Board of the Town of Montgomery, Planning Board of the Town of Montgomery, Susan I. Cockburn, Carol Jennings, Daniel S. Dempsey, Jr., Mark W. Hoyt, Anthony Trapini, Jeffery Crist, Carl Helstrom, William Kelley, Jr., Rose Pennings, Gregory Schloemer, Harry Mills, Comprehensive Plan Special Committee of the Town of Montgomery, Richard Montemarano, John Schmoll, and Joan Elliott appeal from (1) an order of the Supreme Court, Orange County (Owen, J.), entered June 2, 2009, which, (a) upon reargument, in effect, vacated a prior order of the same court dated December 10, 2008, denying the prior motion of the petitioners/plaintiffs for awards of attorneys' fees incurred in connection with a prior appeal to this Court and, upon vacatur, granted the prior motion, and (b) granted the separate motion of the petitioners/plaintiffs for awards of attorneys' fees incurred in connection with a prior appeal to the Court of Appeals, and (2) a judgment of the same court entered June 9, 2009, which, upon the order, is in favor of the petitioners/plaintiffs and against them in the principal sum of $90,198.24.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners/plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceedings and actions (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In a prior appeal in these proceedings and actions, this Court affirmed a judgment of the Supreme Court which, inter alia, upon the granting of the motion of the petitioners/plaintiffs for summary judgment on the causes of action seeking judgments declaring that the Comprehensive Plan for the Town of Montgomery adopted July 29, 2004, and Local Laws Nos. 4 and 5 (2004) of the Town of Montgomery were unconstitutional, awarded the petitioners/plaintiffs attorneys' fees pursuant to 42 USC § 1988 (b) in the principal sum of $463,162.74 (*see Matter of Land Master Montg I, LLC v Town of Montgomery*, 54 AD3d 408 [2008]). Thereafter, the appeal to the Court of Appeals was dismissed (*see Matter of Land Master Montg I, LLC v Town of Montgomery*, 11 NY3d 864 [2008]).

The current appeal concerns the application made by the petitioners/plaintiffs in the Supreme Court for awards of attorneys' fees pursuant to 42 USC § 1988 (b) for their defense of the underlying judgment on the appeals before this Court and before the Court of Appeals (*see Hastings v Maine-Endwell Cent. School Dist., N.Y.*, 676 F2d 893, 896 [1982]; *Matter of Rahmey v Blum*, 95 AD2d 294, 296 [1983]). The Supreme Court's awards of attorneys' fees for the defense of the judgment on the appeals was proper. "Th[e] principle [underlying 42 USC § 1988 (b)] applies not only to the cost of obtaining a favorable judgment but also to the cost of successfully defending that judgment, whether against postjudgment motions . . . or against an appeal" (*Weyant v Okst*, 198 F3d 311, 316 [1999]; *see Fiacco v City of Rensselaer, N.Y.*, 663 F Supp 743, 744 [1987]). "A culpable defendant should not be allowed to cause the erosion of fees awarded to the plaintiff for time spent in obtaining the favorable judgment by requiring additional time to be spent thereafter without compensation" (*Weyant v Okst*, 198 F3d at 316). Moreover, the awards of attorneys' fees incurred in connection with the appeals were properly made in the Supreme Court.

The appellants contend that, even if the Supreme Court was permitted to make awards of attorney's fees for the appeals, the amounts of those awards were unreasonable. Awards of reasonable attorneys' fees pursuant to 42 USC § 1988 (b) are a matter that lies within the sound discretion of Supreme Court (*cf. Murphy v Lynn*, 118 F3d 938, 952 [1997], *cert denied* 522 US 1115 [1998]; *Deep v Clinton Cent. School Dist.*, 48 AD3d 1125, 1126 [2008]), and we discern no basis in the record to disturb the Supreme Court's determination here. The appellants' contention that the Supreme Court erred in determining the amounts of the awards without a hearing is not properly before this Court, as the appellants did not request a hearing in the Supreme Court.

The appellants' remaining contentions are without merit. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.