LARRY LAWRENCE IRA et al., Appellants-Respondents, v EXETER HOLDING LTD., Respondent-Appellant. (Action No. 1.) ZACHARY LAWRENCE, Appellant-Respondent, v EXETER HOLDING LTD., Respondent-Appellant. (Action No. 2.) FRANK LAWRENCE IRA, Appellant-Respondent, v EXETER HOLDING LTD., Respondent-Appellant. (Action No. 3.) DANIEL LAWRENCE IRA, Appellant-Respondent, v EXETER HOLDING LTD., Respondent-Appellant. (Action No. 4.) TARYN LAWRENCE, Appellant-Respondent, v EXETER HOLDING LTD., Respondent-Appellant. (Action No. 5.) [924 NYS2d 799]—

In related actions to recover on seven promissory notes, brought by motions for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal, as limited by

their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered April 9, 2010, as denied those branches of their motions which were to recover the accelerated principal balances due on the notes, and the defendant cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the plaintiffs' motions which were to recover the accelerated principal balances due on the notes are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs seek to recover money due under a series of promissory notes executed in their favor by the defendant. "To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *see Gullery v Imburgio*, 74 AD3d 1022 [2010]; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting the promissory notes signed by the defendant's president on behalf of the defendant, and their affidavits asserting that the defendant failed to make interest payments in accordance with the terms of the notes (*see Verela v Citrus Lake Dev., Inc.*, 53 AD3d at 575; *Hestnar v Schetter*, 284 AD2d 499, 500 [2001]).

In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense (*see Gullery v Imburgio*, 74 AD3d at 1022; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *Hestnar v Schetter*, 284 AD2d at 500). Contrary to the defendant's contention, the plaintiffs were permitted, under the terms of the notes, to accelerate the principal balances due upon the defendant's default in the payment of interest.

Accordingly, the Supreme Court should have granted those branches of the plaintiffs' motions which were for summary judgment in lieu of complaint to recover the accelerated principal balances due on the notes. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.