■ OCEAN VIEW REALTY COMPANY et al., Respondents, v TIM ZISS, Appellant. [935 NYS2d 75]—

The defendant executed a promissory note (hereinafter the note) on July 8, 2004, in which he agreed to pay the plaintiffs'

attorney $814,500 in one lump sum on December 31, 2004, together with all accrued interest thereon, at a rate of 12% per annum. According to the note, if the defendant failed to pay in full on December 31, 2004, interest would accrue on the outstanding principal and unpaid accrued interest "at a rate equal to the maximum interest rate permitted by applicable law." The plaintiffs commenced this action by moving pursuant to CPLR 3213 for summary judgment in lieu of complaint.

To establish a prima facie entitlement to judgment as a matter of law in an action to recover on a promissory note, a plaintiff must show "the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *see Larry Lawrence IRA v Exeter Holding Ltd.*, 84 AD3d 1175, 1176 [2011]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]; *Gullery v Imburgio*, 74 AD3d 1022 [2010]; *Pennsylvania Higher Educ. Assistance Agency v Musheyev*, 68 AD3d 736 [2009]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting the promissory note signed by the defendant and affidavits asserting that the defendant failed to make any payment on the note (*see Larry Lawrence IRA v Exeter Holding Ltd.*, 84 AD3d at 1176; *Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789).

In opposition, the defendant failed to raise a triable issue of fact with respect to a bona fide defense (*see Larry Lawrence IRA v Exeter Holding Ltd.*, 84 AD3d at 1176; *Gullery v Imburgio*, 74 AD3d 1022 [2010]; *Pennsylvania Higher Educ. Assistance Agency v Musheyev*, 68 AD3d 736 [2009]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]).

In addition, the Supreme Court did not err in determining that "the maximum interest rate permitted by applicable law" was not 16%. The 16% ceiling on interest rates found in General Obligations Law § 5-501 (1) and Banking Law § 14-a (1) is not applicable "to any loan or forbearance in the amount of two hundred fifty thousand dollars or more, other than a loan or a forbearance secured primarily by an interest in real property improved by a one or two family residence" (General Obligations Law § 5-501 [6] [a]; *see Beube v English*, 206 AD2d 339 [1994]).

The defendant correctly concedes that certain arguments raised in his brief are made for the first time on appeal. These arguments have not been considered since, contrary to the defendant's contention, they are not properly before this Court. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.