■ US Premium Finance, Appellant, v Sage Equipment Leasing Corp., Respondent. [998 NYS2d 89]—

In an action to recover on an instrument for the payment of money, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 5, 2014, which denied its motion for summary judgment in lieu of complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment in lieu of complaint is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing as to whether the plaintiff is entitled to an award of attorney's fees and, if so, the amount of that award, and thereafter for the entry of an appropriate judgment.

The plaintiff is an insurance premium financing company that advanced money to the defendant pursuant to a premium finance agreement between the parties. When the defendant failed to make the agreed-upon monthly payment, the plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court denied the motion on the ground that the defendant had viable defenses to the action. We reverse.

The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by establishing the existence of an instrument for the payment of a sum certain and the defendant's failure to make the payments called for by the terms of that instrument (see *Juste v Niewdach*, 26 AD3d 416 [2006]; *Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.*, 187 AD2d 634 [1992]). In opposition, the defendant failed to raise a triable issue of fact (see *Larry Lawrence IRA v Exeter Holding Ltd.*, 84 AD3d 1175 [2011]). Contrary to the defendant's contention, the filing of a notice of claim by the plaintiff in the bankruptcy proceeding of the defendant's insurer, to which the plaintiff had prepaid the defendant's premium, did not estop the plaintiff from seeking recovery against the defendant (see *Fuller v Fasig-Tipton Co., Inc.*, 587 F2d 103, 108 [2d Cir 1978]; see also CPLR 3002 [c]; 11 USC § 524 [e]). The defendant's remaining contentions also are without merit. Accordingly, the plaintiff is entitled to recover pursuant to CPLR 3213.

Nonetheless, the plaintiff is not automatically entitled to attorney's fees pursuant to Banking Law § 569 (3). A hearing must be held to determine whether an award of attorney's fees is warranted and, if so, the amount of such award. The defendant raised a triable issue of fact as to whether the plaintiff had

sent the defendant a required notice of default pursuant to Banking Law § 569 (3). Moreover, the finance agreement did not provide for a sum certain with respect to the recovery of attorney's fees in the event of a default in payment on the instrument (*see Borg v Belair Ridge Dev. Corp.*, 270 AD2d 377, 378 [2000]; *Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.*, 187 AD2d 634, 634-635 [1992]). Accordingly, the matter is remitted for a hearing on this issue and, thereafter, for the entry of an appropriate judgment consistent with this decision and order. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.