IPFS Corp. v Manetta Enters., Inc. (2018 NY Slip Op 02449)





IPFS Corp. v Manetta Enters., Inc.


2018 NY Slip Op 02449


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-11196
 (Index No. 21014/13)

[*1]IPFS Corporation, respondent, 
v
Manetta Enterprises, Inc., etc., appellant.


Keidell Weldon & Cunningham LLP, White Plains, NY (Jan A. Marcus of counsel), for appellant.
Mark D. Speed, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Manetta Enterprises, Inc., appeals from a judgment of the Supreme Court, Queens County (Duane A. Hart, J.), entered September 8, 2015. The judgment, upon an order of the same court entered June 25, 2015, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendant in the total sum of $483,066.18.
ORDERED that the judgment is affirmed, with costs.
The plaintiff is an insurance premium finance company that advanced money to the defendant pursuant to a premium finance agreement between the parties. After the defendant repeatedly failed to make the agreed-upon monthly payments in a prompt manner, the plaintiff commenced this action, asserting two causes of action. The first cause of action alleged that the defendant was liable for breach of contract, and demanded $370,328.81, the amount outstanding under the finance agreement, plus interest, in damages. The second cause of action alleged that the defendant was liable for attorney's fees pursuant to a provision in the finance agreement.
Following joinder of issue, the plaintiff moved for summary judgment on the complaint. The defendant opposed the motion, arguing that there was a triable issue of fact as to damages arising from the breach of contract cause of action. In an order entered June 25, 2015, the Supreme Court granted the plaintiff's motion, and directed the plaintiff to submit proof of legal services provided, with a bill of costs. The plaintiff's attorney presented an affirmation detailing his education, experience, and ability, as well as the time spent, and the tasks performed, on this matter. In an order entered August 20, 2015, the court determined that, in addition to an award of damages in the amount of $370,328.81, plus interest, for the breach of contract cause of action, the plaintiff was entitled to attorney's fees in the sum of $30,023.75. The court subsequently issued a judgment entered September 8, 2015, in favor of the plaintiff and against the defendant in the total sum of $483,066.18. The defendant appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the breach of contract cause of action. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's [*2]performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC, 140 AD3d 810, 810; see Legum v Russo, 133 AD3d 638, 639; Provident Bank v Joyce, 111 AD3d 913, 914; Theresa Striano Revocable Trust v Hoffman, 71 AD3d 993, 994). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating the existence of the finance agreement and the defendant's default thereunder (see Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC, 140 AD3d at 810; US Premium Fin. v Sage Equip. Leasing Corp., 122 AD3d 919, 920; Theresa Striano Revocable Trust v Hoffman, 71 AD3d at 994). Contrary to the defendant's contention, it failed to raise a triable issue of fact in opposition (see Zuckerman v City of New York, 49 NY2d 557, 562; US Premium Fin. v Sage Equip. Leasing Corp., 122 AD3d at 920).
The defendant's contention that the Supreme Court erred in awarding the plaintiff attorney's fees without first conducting a hearing is not preserved for appellate review (see CPLR 5501[a][3]; Matter of Landmaster Montg I, LLC v Town of Montgomery, 72 AD3d 1088, 1089; Matter of Benjamin E. Setareh, P.C. v Cammarasana & Bilello, Esqs., 35 AD3d 600, 601).
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court