Pinzon v IKEA N.Y., LLC (2018 NY Slip Op 05213)





Pinzon v IKEA N.Y., LLC


2018 NY Slip Op 05213


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-07810
 (Index No. 607256/16)

[*1]Gloria Pinzon, respondent,
v
IKEA New York, LLC, appellant.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Todd R. Harris of counsel), for appellant.
Litman & Litman, P.C., Woodbury, NY (Jeffrey E. Litman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered July 11, 2017. The order denied the defendant's motion pursuant to CPLR 306-b to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 306-b to dismiss the complaint for lack of personal jurisdiction is granted.
"An action is commenced by filing a summons and complaint" (CPLR 304[a]). "Service of the summons and complaint . . . shall be made within [120] days after the commencement of the action" (CPLR 306-b). "If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b).
Here, the plaintiff commenced the action by the filing of a summons and verified complaint on September 20, 2016. The affirmation of personal service executed by the plaintiff's counsel stated that on September 24, 2016, at the defendant's store located in Hicksville, he personally served the defendant with a copy of the summons and complaint by delivering it to "JANE DOE, A PERSON WHO REFUSED TO PROVIDE NAME." Although this attempt at service occurred within 120 days after the commencement of the action, the defendant correctly contends that the manner of service failed to comply with the requirements of CPLR 311-a, which provides, as relevant here, that personal service upon a limited liability company shall be made by delivering a copy personally to any member or manager of the company, any agent authorized to receive process, or any other person designated by the company to receive process. The defendant, by its evidentiary submissions, demonstrated that the individual purportedly served was not authorized to receive process on behalf of the defendant, and thus, jurisdiction over the defendant was not obtained (see Ciafone v Queens Ctr. for Rehabilitation & Residential Healthcare, 126 AD3d [*2]662, 663-664).
The plaintiff's request, in the alternative, for this Court to extend the time for her to serve the complaint for either good cause shown or in the interest of justice, is improperly raised for the first time on appeal (see Ocean View Realty Co. v Ziss, 90 AD3d 872, 873).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 306-b to dismiss the complaint for lack of personal jurisdiction.
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court