US Premium Fin. v Terranova Masonry, Inc. (2019 NY Slip Op 03840)





US Premium Fin. v Terranova Masonry, Inc.


2019 NY Slip Op 03840


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-13302
 (Index No. 152039/17)

[*1]US Premium Finance, appellant, 
v
Terranova Masonry, Inc., respondent.


Steven G. Legum, Mineola, NY, for appellant.
John Z. Marangos, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to recover on an instrument for the payment of money, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 14, 2017. The order denied the plaintiff's motion.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment in lieu of complaint is granted, the motion and answering papers are deemed to be the complaint and the answer, respectively, and the matter is remitted to the Supreme Court, Richmond County, for a hearing as to whether the plaintiff is entitled to an award of attorney's fees and, if so, the amount of that award, and thereafter for the entry of an appropriate judgment.
The plaintiff is an insurance premium financing company that advanced money to the defendant pursuant to a premium finance agreement between the parties. When the defendant failed to make the agreed-upon monthly payment, the plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court denied the motion. We reverse.
The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by establishing the existence of an instrument for the payment of a sum certain and the defendant's failure to make the payments in accordance with the terms of that instrument (see US Premium Fin. v Sage Equip. Leasing Corp., 122 AD3d 919, 920; Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp., 187 AD2d 634). In opposition, the defendant failed to raise a triable issue of fact (see US Premium Fin. v Sage Equip. Leasing Corp., 122 AD3d at 920).
Although the plaintiff is entitled to summary judgment for the amount stated under the agreement, the amount of attorney's fees due under the agreement, if any, is not a sum certain, and, therefore, we remit the matter to the Supreme Court, Richmond County, for a hearing on that issue (see id. at 920-921; Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp., 187 AD2d 634).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court