■ COLONIAL COMMERCIAL CORP., Appellant, v BRESKEL ASSOCIATES et al., Respondents. [657 NYS2d 940] —In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered June 28, 1996, which denied his motion for summary judgment, and granted the defendants' cross motion to consolidate this action with an action entitled *Breskel Assocs. v Korn* pending in the Supreme Court, Nassau County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

In this action to recover on a promissory note, the plaintiff established a prima facie case by submitting proof of the note and the defendants' default (*see, Bank of N. Y. v Sterlington Common Assocs.*, 235 AD2d 448; *Falco v Thorne*, 225 AD2d 582; *Silber v Muschel*, 190 AD2d 727; *Mlcoch v Smith*, 173 AD2d 443). It was then incumbent on the defendants to come forward with proof of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense (*see, Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, *affd* 67 NY2d 627; *Silber v Muschel, supra*). Here, the defendants' allegations of fraud consisted of conclusory allegations which were insufficient to defeat the plaintiff's showing (*see, TPZ Corp. v Rigakos*, 226 AD2d 445; *Parisi Enters. Inc. Profit Sharing Trust v Settimo*, 198 AD2d 272; *Bank Leumi Trust Co. v Rattet & Liebman*, 182 AD2d 541). Accordingly, the plaintiff's motion for summary judgment should have been granted.

In light of our determination, the appeal by the defendants

from the denial of their cross motion to consolidate the instant action with a prior action commenced by the defendants against the plaintiff is academic.

The remaining contentions lack merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.