■ NORMAN H. E. LAHAGE, Appellant, v PIERRE BATROUNI, Respondent. [734 NYS2d 585] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated September 8, 2000, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, the action is reinstated, and the moving and answering papers are deemed to be the complaint and the answer, respectively.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence of the promissory note and demonstrating that the defendant had defaulted in payment thereon (*see, McCann v Cronin,* 276 AD2d 472; *Capital Circulation Corp. v Gallop Leasing Corp.,* 248 AD2d 578). The burden then shifted to the defendant to come forward with sufficient evidence to raise a triable issue of fact (*see, McCann v Cronin, supra; Colonial Commercial Corp. v Breskel Assocs.,* 238 AD2d 539). The defendant met his burden by raising a triable issue of fact as to whether the plaintiff executed a general release in his favor. Therefore, the Supreme Court properly denied the plaintiff's motion for summary judgment.

However, the Supreme Court erred in granting the defendant's cross motion for summary judgment dismissing the action. In opposition to the defendant's prima facie showing of

entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact regarding the effectiveness of the general release. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.