■ Scott E. Webster et al., Appellants, v James Murray et al., Defendants, and Rita Ross, Respondent. [894 NYS2d 486]—

In an action, inter alia, to recover damages for tortious interference with contract and trespass, the plaintiffs appeal from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated June 18, 2008, which granted those branches of the motion of the defendant Rita Ross which were for summary judgment dismissing the complaint insofar as asserted against her and for summary judgment on her first counterclaim to recover on a promissory note, and (2) a judgment of the same court entered July 17, 2008, which, upon the order, is in favor of the defendant Rita Ross and against them, dismissing the complaint and awarding that defendant the principal sum of $31,499.32 on the first counterclaim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the motion of the defendant Rita Ross which was for summary judg-

ment dismissing the complaint insofar as asserted against her. In response to Ross' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Further, Ross was entitled to summary judgment on her first counterclaim to recover on the promissory note. She established both the existence of a promissory note executed by the plaintiffs and their nonpayment according to its terms. Therefore, she demonstrated entitlement to judgment on the balance due (*see Simoni v Time-Line, Ltd.*, 272 AD2d 537, 538 [2000]; *Elmsford-Interstate Bldg. Material Corp. v Elm Ridge Mgt.*, 243 AD2d 675 [1997]; *Ihmels v Kahn*, 126 AD2d 701 [1987]). It was then incumbent upon the plaintiffs to demonstrate, by admissible evidence, "the existence of a triable issue with respect to a bona fide defense" (*Colonial Commercial Corp. v Breskel Assoc.*, 238 AD2d 539, 539 [1997]; *see Simoni v Time-Line, Ltd.*, 272 AD2d 537 [2000]). They failed to provide such evidence.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.

Motion by the appellants on appeals from an order of the Supreme Court, Putnam County, dated June 18, 2008, and a judgment of the same court entered July 17, 2008, inter alia, to strike the respondent's brief or stated portions of the respondent's brief. By decision and order on motion dated June 25, 2009, that branch of the motion which was to strike the respondent's brief or stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to strike the respondent's brief or stated portions of the respondent's brief is granted to the extent that page A-14 of the Respondent's Appendix attached to the respondent's brief is stricken and has not been considered on the appeals, and that branch of the motion is otherwise denied. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.

Motion by the appellants on appeals from an order of the Supreme Court, Putnam County, dated June 18, 2008, and a judgment of the same court entered July 17, 2008, inter alia, for leave to file exhibits to the reply brief. By decision and order on motion dated September 24, 2009, that branch of the motion which was for leave to file exhibits to the reply brief was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was for leave to file exhibits to the reply brief is denied. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.