■ Robert Gullery, Respondent, v Steven J. Imburgio, Appellant. [905 NYS2d 221]—

In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 23, 2009, which granted the motion.

Ordered that the order is affirmed, with costs.

The Supreme Court properly found that the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by establishing the existence of a promissory note executed by the defendant, that the defendant was individually liable on the note, and that the defendant defaulted in making payments pursuant to the note (*see Pennsylvania Higher Educ. Assistance Agency v Musheyev*, 68 AD3d 736 [2009]; *Verela v Citrus Lake Dev., Inc.*, 53 AD3d 574, 575 [2008]; *Famolaro v Crest Offset, Inc.*, 24 AD3d 604, 604-605 [2005]; *Hestnar v Schetter*, 284 AD2d 499, 500 [2001]). The burden then shifted to the defendant to establish by admissible evidence the existence of a triable issue of fact with respect to a bona fide defense (*see Quest Commercial, LLC v Rovner*, 35 AD3d 576 [2006]; *Bank of N.Y. v Vega Tech. USA, LLC*, 18 AD3d 678, 679 [2005]).

The defendant's claims that there was a lack of full consideration for the loan and that he made partial payment toward the loan were merely unsupported conclusory allegations which were insufficient to defeat the plaintiff's motion (*see Hestnar v Schetter*, 284 AD2d at 500-501; *MDJR Enters. v LaTorre*, 268

AD2d 509, 510 [2000]). The defendant's additional claim that he was not individually liable on the note that he signed as "Steven Imburgio, [doing business as] Wheel Concept 3" was unsupported by any evidence that Wheel Concept 3 is organized as a limited liability corporation or that the defendant signed the note in a representative capacity (*see Republic Natl. Bank of N.Y. v GSO Inc.*, 177 AD2d 417, 418 [1991]; *cf. Gottehrer v Viet-Hoa Co.*, 170 AD2d 648 [1991]).

Contrary to the defendant's contention, the plaintiff was entitled to bring the motion without a prior demand as the note did not contain any time for payment (*see* UCC 3-108; *First Natl. Bank of Waterloo v Story*, 200 NY 346 [1911]; *Gross v Fruchter*, 230 AD2d 710, 711 [1996]).

Accordingly, since the defendant failed to demonstrate, by admissible evidence, the existence of a triable issue of fact with respect to a bona fide defense, the plaintiff's motion for summary judgment in lieu of complaint was properly granted (*see Webster v Murray*, 70 AD3d 674, 675 [2010]; *Colonial Commercial Corp. v Breskel Assoc.*, 238 AD2d 539 [1997]; *Seidman v Ungar*, 246 AD2d 641, 642 [1998]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31681(U).]**