■ GRIFFON V, LLC, Appellant, v 11 EAST 36TH, LLC, et al., Respondents. [934 NYS2d 472]—

The plaintiff commenced this action by serving a motion for summary judgment, in lieu of complaint, pursuant to CPLR 3213, on a promissory note (hereinafter the note) executed by the defendant 11 East 36th, LLC (hereinafter 11 East), and on guaranties (hereinafter the guaranties) executed by the defendants Morgan Lofts, LLC, Madison Condos, LLC, Bluebell Assets, LLC, Eli Mordechai Bobker, and Ben Baruch Bobker. The plaintiff asserted that it was entitled to judgment in the amount of $2,180,867.52, plus an award of an attorney's fee, and reimbursement for certain real estate taxes it paid.

In support of its motion, the plaintiff submitted the note and a revolving line of credit agreement (hereinafter the agreement) which was incorporated into the note in which 11 East agreed to repay, within a specified time period, the outstanding balance of its line of credit. The plaintiff also submitted the guaranties, which were executed on the same date as the note, and evidence demonstrating that 11 East failed to repay the outstanding balance due under the note by the specified time.

Under CPLR 3213, "[w]hen an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant and the failure of the defendant to pay in accordance with the note's terms (see *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]). To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a guaranty, a plaintiff must submit proof of the underlying note, a guaranty, and the failure of the defendant to make payment in accordance with the terms of those instruments (*see*

*E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]; *George L. Penny, Inc. v Zaweski*, 254 AD2d 255 [1998]). Once the plaintiff submits evidence establishing its prima facie case, the burden then shifts to the defendants to submit evidence establishing the existence of a triable issue of fact with respect to a bona fide defense (*see Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d at 351; *George L. Penny, Inc. v Zaweski*, 254 AD2d at 255).

Here, the plaintiff established, prima facie, its entitlement to judgment as a matter of law on the issue of liability by submitting proof of the note and the guaranties, and the defendants' default under their terms (*see Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789; *North Fork Bank Corp. v Graphic Forms Assoc., Inc.*, 36 AD3d 676, 676 [2007]; *JPMorgan Chase Bank v Gamut-Mitchell, Inc.*, 27 AD3d 622, 622-623 [2006]; *see also European Am. Bank v Cohen*, 183 AD2d 453 [1992]; *cf. Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 155-156 [1975]; *Wamco XVII v Chestnut Estates Dev. Corp.*, 251 AD2d 888, 889 [1998]).

In opposition, the defendants failed to raise a triable issue of fact. The record demonstrates that 11 East expressly waived the defenses now asserted (*see Allstate Fin. Corp. v Access Bag N Pack*, 245 AD2d 325, 326 [1997]). In any event, the defendants' conclusory allegation with respect to the defense sounding in fraud in the inducement was insufficient to defeat the plaintiff's entitlement to summary judgment (*see Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789; *Constructamax, Inc. v CBA Assoc.*, 294 AD2d 460, 460 [2002]; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]; *Bennell Hanover Assoc. v Neilson*, 215 AD2d 710, 711 [1995]; *Bank Leumi Trust Co. of N.Y. v Rattet & Liebman*, 182 AD2d 541 [1992]). Furthermore, the purported defense based on discussions between the parties which occurred after the note and guaranties were executed was insufficient to raise a triable issue of fact with respect to the defendants' liability under those documents (*see Dichter v Viking Off. Prods.*, 119 AD2d 794, 795 [1986]; *see also Neuhaus v McGovern*, 293 AD2d 727, 728 [2002]; *Grasso v Shutts Agency*, 132 AD2d 768, 768 [1987]). Since the defendants have failed to establish a genuine defense to the note, it is unnecessary to determine whether the plaintiff is a holder in due course, rather than merely a holder (*see Constructamax, Inc. v CBA Assoc.*, 294 AD2d at 460; *DH Cattle Holdings Co. v Reno*, 196 AD2d 670, 673 [1993]; *see also First Intl. Bank of Israel v Blankstein & Son*, 59 NY2d 436, 444 [1983]).

Accordingly, the Supreme Court should have granted the

plaintiff's motion for summary judgment in lieu of complaint in the amount of $2,180,867.52, plus an award of an attorney's fee (*see Nissan Motor Acceptance Corp. v Scialpi*, 83 AD3d 1020, 1021 [2011]). However, neither the note nor the guaranties provided for a sum certain with respect to the recovery of an attorney's fee in the event of a default in payment. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing on the amount of the attorney's fee to be awarded to the plaintiff, and thereafter for the entry of an appropriate judgment (*see Premium Assignment Corp. v Utopia Home Care, Inc.*, 58 AD3d 709 [2009]; *Simoni v Time-Line, Ltd.*, 272 AD2d 537 [2000]; *Borg v Belair Ridge Dev. Corp.*, 270 AD2d 377 [2000]; *Afco Credit Corp. v Boropark Twelfth Ave. Realty Corp.*, 187 AD2d 634 [1992]).

Finally, the plaintiff failed to demonstrate that it was entitled to reimbursement for the real estate taxes it allegedly paid, as there were no provisions in the note or the agreement relating to the payment of such taxes. Accordingly, that branch of the plaintiff's motion which sought reimbursement of sums for real estate taxes paid was properly denied (*see Fine v Di Stanti*, 79 AD2d 673 [1980]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.

**[Prior Case History: 2010 NY Slip Op 31424(U).]**