In an action to recover on a promissory note, brought by mo *841 tion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 19, 2012, as granted the plaintiffs motion for summary judgment and denied that branch of his cross motion which was for a change of venue, and (2) from a judgment of the same court dated June 22, 2012, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $90,000. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The Supreme Court properly found that the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by establishing the existence of a promissory note (hereinafter the note) which the defendant executed, individually, which contained an unequivocal and unconditional obligation to repay, and that the defendant defaulted in complying with the terms of the note (see Gullery v Imburgio, 74 AD3d 1022 [2010]; Pennsylvania Higher Educ. Assistance Agency v Musheyev, 68 AD3d 736 [2009]; Verela v Citrus Lake Dev., Inc., 53 AD3d 574, 575 [2008]; Famolaro v Crest Offset, Inc., 24 AD3d 604, 604-605 [2005]). Contrary to his contentions, the defendant failed to satisfy his burden of establishing the existence of a triable issue of fact by submitting admissible evidence of a bona fide defense to nonpayment (see Gullery v Imburgio, 74 AD3d at 1023; Quest Commercial, LLC v Rovner, 35 AD3d 576 [2006]; Bank of N.Y. v Vega Tech. USA, LLC, 18 AD3d 678, 679 [2005]). The defendant’s various contentions regarding the alleged circumstances under which the note was executed, including that he signed the note in a representative capacity and is not personally liable on the note, are purely conclusory and unsupported and/or belied by the record and, hence, insufficient to defeat the plaintiff’s motion (see Gullery v Imburgio, 74 AD3d at 1023; Verela v Citrus Lake Dev., Inc., 53 AD3d at 575; Colonial Commercial Corp. v Breskel Assoc., 238 AD2d 539 [1997]).
*842 Accordingly, the Supreme Court properly granted the plaintiffs motion for summary judgment (see Ocean View Realty Co. v Ziss, 90 AD3d 872, 873 [2011]; Signature Bank v Galit Props., Inc., 80 AD3d 689 [2011]; Gullery v Imburgio, 74 AD3d 1022 [2010]; Colonial Commercial Corp. v Breskel Assoc., 238 AD2d 539 [1997]).
The defendant’s contentions regarding the denial of that branch of his cross motion which was for a change of venue are without merit or not properly before this Court.
Dillon, J.E, Hall, Austin and Sgroi, JJ., concur.