■ CASTLE RESTORATION & CONSTRUCTION, INC., Appellant, v CASTLE RESTORATION, LLC, et al., Respondents. [997 NYS2d 147]—

In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 14, 2013, which denied its motion for summary judgment in lieu of complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment in lieu of complaint is granted.

The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting the promissory note and proof of the defendants' failure to make payments on the note according to its terms (*see Banco Popular N. Am. v Victory*

*Taxi Mgt.*, 1 NY3d 381, 383 [2004]; *Rachmany v Regev*, 115 AD3d 840, 841 [2014]; *Quadrant Mgt. Inc. v Hecker*, 102 AD3d 410, 410 [2013]).

In opposition, the defendants failed to raise a triable issue of fact (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d at 383; *Rachmany v Regev*, 115 AD3d at 841; *Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.*, 57 AD3d 708, 709-710 [2008]). The defendants contend that they were not delinquent on the note because the parties entered into a subsequent oral construction management agreement, pursuant to which the defendants were to provide the plaintiff with labor and materials for additional construction projects, and the value of the labor and materials were to offset the defendants' obligation under the promissory note. However, the defendants' contention that the plaintiff and its president breached their contractual obligations under the alleged oral construction management agreement by refusing to offset the value of the labor and materials is not a defense to the plaintiff's motion. " '[T]he general rule is that the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only unless it can be shown that the contract and the instrument are "intertwined" and that the defenses alleged to exist create material issues of triable fact' " (*New York Community Bank v Fessler*, 88 AD3d 667, 668 [2011], quoting *Mlcoch v Smith*, 173 AD2d 443, 444 [1991]). Here, the defendants failed to demonstrate that the alleged oral construction management agreement was "inextricably intertwined" with the promissory note (*New York Community Bank v Fessler*, 88 AD3d at 668; *see Quadrant Mgt. Inc. v Hecker*, 102 AD3d at 411; *Nordea Bank Finland PLC v Holten*, 84 AD3d 589, 590 [2011]; *Stevens v Phlo Corp.*, 288 AD2d 56, 56 [2001]). Additionally, the defendants' allegations of fraud are not set forth with specificity and are supported by mere conclusory allegations, which are insufficient to raise a triable issue of fact (*see* CPLR 3016 [b]; *O'Brien v O'Brien*, 258 AD2d 446, 446 [1999]; *see generally Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526, 527 [2008]).

Accordingly, the court should have granted the plaintiff's motion for summary judgment in lieu of complaint. Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.