■ Jose Nunez, Respondent, v Channel Grocery & Deli Corp. et al., Appellants. [998 NYS2d 663]—

In an action, inter alia, to recover on a promissory note, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated December 18, 2013, as granted that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as, inter alia, sought to recover on the promissory note.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant and the failure of the defendant to

pay in accordance with the note's terms" (*Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d 705, 706 [2011]; *see Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]; *Gullery v Imburgio*, 74 AD3d 1022, 1022 [2010]). Once the plaintiff submits evidence establishing a prima facie case, the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue of fact with respect to a bona fide defense (*see Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d at 707; *Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789; *Quest Commercial, LLC v Rovner*, 35 AD3d 576, 576 [2006]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting, among other things, the subject promissory note, which contained an unequivocal and unconditional obligation to repay, and proof of the defendants' failure to make payments on the note according to its terms (*see Rachmany v Regev*, 115 AD3d 840, 841 [2014]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789). In opposition, the defendants failed to raise a triable issue of fact. The defendants' conclusory and unsubstantiated allegations of fraud were insufficient to defeat the plaintiff's entitlement to summary judgment (*see Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d at 707; *Nissan Motor Acceptance Corp. v Scialpi*, 83 AD3d 1020, 1020-1021 [2011]; *Colonial Commercial Corp. v Breskel Assoc.*, 238 AD2d 539, 539 [1997]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as, inter alia, sought to recover on the promissory note.

The plaintiff's remaining contention is without merit. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.