■ Alex Chervinsky, Appellant, v Michael Rezhets et al., Respondents. [18 NYS3d 631]—

In an action to recover on a promissory note and personal guaranty, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an amended order of the Supreme Court, Nassau County (Woodard, J.), entered July 31, 2014, which denied the motion.

Ordered that the amended order is reversed, on the law, with costs, and the motion for summary judgment in lieu of complaint is granted.

The plaintiff and the defendant Michael Rezhets each owned a 50% interest in two pharmacies, the defendant Health Max 5th Avenue, Inc. (hereinafter Health Max), and HMX Services, Inc. (hereinafter HMX). On March 9, 2011, the plaintiff and Rezhets executed a "Mutual Stock Sale Exchange and Purchase Agreement" (hereinafter the agreement) wherein Rezhets sold his interest in HMX to the plaintiff, and the plaintiff sold his interest in Health Max to Rezhets. In order to purchase the plaintiff's interest in Health Max, Rezhets executed a promissory note on behalf of Health Max, as well as a personal guaranty of Health Max's obligation under the note. The defendants allegedly defaulted on the note by failing to make a payment, and failed to respond to a notice to cure mailed by the plaintiff in October 2013 in accordance with the note. Thereafter, the plaintiff commenced this action to recover on a promissory note and personal guaranty by motion for summary

judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court denied the motion, and the plaintiff appeals.

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by submitting the promissory note, which contained an unequivocal and unconditional obligation to pay, the personal guaranty, and proof of the defendants' failure to make payments on the note according to its terms (*see Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp.*, 127 AD3d 1156, 1156 [2015]; *Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 122 AD3d 789, 789-790 [2014]; *New York Community Bank v Fessler*, 88 AD3d 667, 668 [2011]).

In opposition, the defendants failed to raise a triable issue of fact as to a bona fide defense (*see Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp.*, 127 AD3d at 1156; *New York Community Bank v Fessler*, 88 AD3d at 668). "[T]he general rule is that the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only unless it can be shown that the contract and the instrument are intertwined and that the defenses alleged to exist create material issues of triable fact" (*Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 122 AD3d at 790 [internal quotation marks omitted]).

Here, contrary to the Supreme Court's determination, the evidence submitted by the defendants failed to establish that the agreement and the promissory note were intertwined, such that any breach of the related agreement by the plaintiff may create a defense to payment on the note. The defendants relied upon a provision in the agreement that provided, inter alia, that the plaintiff and Rezhets "acknowledge that they will share equally any liability assessed as a result of the two ongoing audits" of Health Max and that "there shall be mutual responsibility of each party to the other, credited, offset or diminished by any culpable or negligent conduct of the other." Although the two ongoing audits resulted in certain charges to Health Max, which the defendants attribute solely to the culpable conduct of the plaintiff, the subject contractual provision did not alter or relieve Health Max of the obligation to repay the note, and did not alter or relieve Rezhets of his obligation under the personal guaranty. Indeed, the terms of the note and the agreement demonstrate that they are separately enforceable (*see New York Community Bank v Fessler*, 88 AD3d at 668-669; *Inner City Telecom. Network v Sheridan Broadcasting Network*, 260 AD2d 257, 257 [1999]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment in lieu of complaint. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.