■ JASON J. WEINDORF, CPA, P.C., Appellant, v FRED WIGHT-MAN, Respondent. [19 NYS3d 431]—In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated October 30, 2014, as denied its motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover on a promissory note by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting proof that the defendant executed a promissory note, which contained an unconditional promise to pay a sum certain by May 31, 2014, and failed to pay in accordance with the terms of the note (*see Luiso v Poehlsen*, 125 AD3d 726 [2015]; *Sun Convenient, Inc. v Sarasamir Corp.*, 123 AD3d 906, 907 [2014]; *Von Fricken v Schaefer*, 118 AD3d 869, 870 [2014]). "[T]he general rule is that the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only unless it can be shown that the contract and the instrument are intertwined and that the defenses alleged to exist create material issues of triable fact" (*Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 122 AD3d 789, 790 [2014] [internal quotation marks omitted]; *see Chervinsky v Rezhets*, 132 AD3d 713 [2015]). Here, in opposition to the motion, the defendant demonstrated the existence of a triable issue of fact as to whether the plaintiff breached an asset purchase agreement that was intertwined with the promissory note (*see Oseff v Scotti*, 130 AD3d 797, 800-801 [2015]; *Lorber v Morovati*, 83 AD3d 799, 800 [2011]). Accordingly, the Supreme Court properly denied the motion. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.