■ CADLEROCK JOINT VENTURE, L.P., Appellant, v HOMESELL, INC., et al., Respondents. [24 NYS3d 913]—

In an action to recover on a promissory note and personal guaranty, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated April 11, 2014, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

Contrary to the Supreme Court's determination, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence of the existence of an underlying promissory note and personal guaranty, and the defendants' failure to make payment in accordance with the terms of those instruments (see Nunez v Channel Grocery & Deli Corp., 124 AD3d 734, 735 [2015]; Rachmany v Regev, 115 AD3d 840, 841 [2014]; TD Bank, N.A. v Clinton Ct. Dev., LLC, 105 AD3d 1032, 1035 [2013]). Further, to the extent that the plaintiff's standing to commence this action can be deemed to have been put in issue by the defendants' answer, the plaintiff's submissions were sufficient to establish its standing as the holder of the note with an allonge endorsed in blank (see Loancare v Firshing, 130 AD3d 787, 788 [2015]; Emigrant Bank v Larizza, 129 AD3d 904, 905 [2015]; U.S. Bank N.A. v Guy, 125 AD3d 845, 847 [2015]). In opposition, the defendants failed to raise a triable issue of fact with respect to either the plaintiff's standing or a bona fide defense to nonpayment (see JPMorgan Chase Bank, N.A. v Business Payment Sys., LLC, 127 AD3d 822 [2015]; Nunez v Channel Grocery & Deli Corp., 124 AD3d at 735; Griffon V, LLC v 11 E. 36th, LLC, 90 AD3d 705, 707 [2011]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.