■ ESTATE OF AUGUSTUS HANSRAJ, Also Known as AUGUSTUS P. HANSRAJ, et al., Respondents, v RAGOBAR D. SUKHU et al., Appellants. [43 NYS3d 127]—

In an action to recover on five promissory notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from (1) an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated September 15, 2014, which granted the plaintiffs' motion for summary judgment in lieu of complaint, and (2) a judgment of the same court dated December 2, 2014, which, upon the order, is in favor of the plaintiffs and against them in the total sum of $839,520.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Pursuant to CPLR 3213, a party may obtain accelerated relief by moving for summary judgment in lieu of complaint, provided that the action is 'based upon an instrument for the payment of money only or upon any judgment' " (*Von Fricken v Schaefer*, 118 AD3d 869, 870 [2014], quoting CPLR 3213). "A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by the borrower to pay the lender over a stated period of time" (*Lugli v Johnston*, 78 AD3d 1133, 1134 [2010]). " 'To establish prima facie entitlement to judgment as a matter of law on the issue of liability with respect to a promissory note, a plaintiff must show the existence of a promissory note executed by the defendant and the failure of the defendant to pay in accordance with the note's terms' " (*Nunez v Channel Grocery & Deli Corp.*, 124 AD3d 734, 734-735 [2015], quoting *Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d 705, 706 [2011]; *see Sun Convenient, Inc. v Sarasamir Corp.*, 123 AD3d 906, 907 [2014]; *Patel v NJDV*

*Hospitality, Inc.*, 114 AD3d 738, 739 [2014]; *Jin Sheng He v Sing Huei Chang*, 83 AD3d 788 [2011]). "Once the plaintiff establishes its prima facie entitlement to judgment as a matter of law, the burden shifts to the defendant . . . to establish the existence of a triable issue of fact with respect to a bona fide defense" (*Sun Convenient, Inc. v Sarasamir Corp.*, 123 AD3d at 907; *see Gullery v Imburgio*, 74 AD3d 1022 [2010]). However, conclusory and unsubstantiated allegations of defenses to payment on a note are insufficient to defeat the plaintiff's entitlement to summary judgment (*see Nunez v Channel Grocery & Deli Corp.*, 124 AD3d at 735; *Sun Convenient, Inc. v Sarasamir Corp.*, 123 AD3d at 908; *Rachmany v Regev*, 115 AD3d 840, 841 [2014]; *Gullery v Imburgio*, 74 AD3d at 1022-1023).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting, among other things, the five promissory notes, which each contained an unequivocal and unconditional obligation to pay, and proof of the defendants' failure to make payments on the notes in accordance with their terms (*see Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp.*, 127 AD3d 1156 [2015]; *Nunez v Channel Grocery & Deli Corp.*, 124 AD3d at 735; *Jin Sheng He v Sing Huei Chang*, 83 AD3d at 789). In opposition, the defendants failed to raise a triable issue of fact. Their conclusory and unsubstantiated assertions that the decedent, Augustus Hansraj, and the defendant Ragobar D. Sukhu had entered into a joint venture to invest in real estate were insufficient to defeat the plaintiffs' entitlement to summary judgment (*see Preciosa USA, Inc. v Weiss & Biheller, MDSE, Corp.*, 127 AD3d at 1156; *Nunez v Channel Grocery & Deli Corp.*, 124 AD3d at 735; *Griffon V, LLC v 11 E. 36th, LLC*, 90 AD3d at 707).

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.