■ FAROUK AHMAD et al., Appellants, v KEITH LUCE, Defendant, and SCOTT HUNZINGER, Respondent. [46 NYS3d 805]—In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 29, 2014, which denied the motion.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment in lieu of complaint is granted.

In this action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law by submitting the promissory note, which contained an unequivocal and unconditional obligation to pay, and proof of the defendants' failure to make payments on the note according to its terms (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 383 [2004]; *Jason J. Weindorf, CPA, P.C. v Wightman*, 133 AD3d 822, 822 [2015]; *Luiso v Poehlsen*, 125 AD3d 726 [2015]; *Sun Convenient, Inc. v Sarasamir Corp.*, 123 AD3d 906, 907 [2014]).

In opposition, the defendant Scott Hunzinger failed to raise a triable issue of fact as to a bona fide defense (*see Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 122 AD3d 789, 789 [2014]; *New York Community Bank v Fessler*, 88 AD3d 667 [2011]; *Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.*, 57 AD3d 708, 710 [2008]). Hunzinger failed to demonstrate that a certain membership interest purchase agreement was "inextricably intertwined" with the promissory note (*Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 122 AD3d at 790 [internal quotation marks omitted]).

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment in lieu of complaint. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.