Mehta v Mehta (2019 NY Slip Op 00111)





Mehta v Mehta


2019 NY Slip Op 00111


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-00225
 (Index No. 343/15)

[*1]Krishna Mehta, respondent,
v
Kamlesh Mehta, appellant.


The Law Office of Howard E. Greenberg, Esq., P.C., Smithtown, NY (Craig M. Blanchard of counsel), for appellant.
Law Offices of Andrew L. Crabtree, P.C., Melville, NY (Dara M. Hartman of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered November 9, 2015. The order granted the plaintiff's motion for summary judgment, and denied the defendant's cross motion to enjoin the plaintiff from disposing of certain collateral.
ORDERED that the order is affirmed, with costs.
The defendant signed a promissory note for the principal sum of $144,000, payable to the plaintiff on October 1, 2011. In January 2015, the plaintiff commenced this action to recover on the promissory note by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant opposed the motion and cross-moved to enjoin the plaintiff from disposing of certain collateral allegedly given in connection with transactions between the parties which preceded the execution of the note. Further, the defendant contended that he should be permitted to interpose certain counterclaims. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law pursuant to CPLR 3213 with proof that the defendant executed the promissory note containing an unconditional promise to pay the plaintiff at a definite time, and that the defendant failed to pay the plaintiff in accordance with the note's terms. It was then incumbent on the defendant to come forward with proof of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense (see Estate of Hansraj v Sukhu, 145 AD3d 755, 755-756; Von Fricken v Schaefer, 118 AD3d 869, 870; Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, 791-792, affd 67 NY2d 627).
The defendant failed to raise a triable issue of fact as to whether he has a bona fide defense to the note. The defendant's allegations with respect to extrinsic matters predating the execution of the note were not relevant to the issue of his liability on the note (see Skilled Invs., Inc. v Bank Julius Baer & Co., Ltd., 62 AD3d 424, 425; Warburg, Pincus Equity Partners, L.P. v [*2]O'Neill, 11 AD3d 327). Moreover, the defendant's conclusory and unsubstantiated claims of partial payment of the note and fraudulent inducement were insufficient to defeat the plaintiff's entitlement to summary judgment (see Gullery v Imburgio, 74 AD3d 1022; Thomson v Rubenstein, 31 AD3d 434, 436; O'Brien v O'Brien, 258 AD2d 446).
The defendant's counterclaims, which are not inseparable from the note and do not constitute a defense to the action on the note, were not properly interposed in opposition to the motion for summary judgment in lieu of complaint and should be, if the defendant is so advised, formally pleaded in a separate action (see AFCO Credit Corp. v Eshaghian, 217 AD2d 676; Phillips v Cioffi, 204 AD2d 94). Moreover, the defendant's request for injunctive relief, which relates to those counterclaims, may only be sought in that plenary action.
DILLON, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court