Empire Natl. Bank v Genard Group, Inc. (2019 NY Slip Op 02066)





Empire Natl. Bank v Genard Group, Inc.


2019 NY Slip Op 02066


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-08123
2018-01360
 (Index No. 616659/16)

[*1]Empire National Bank, appellant, 
v
Genard Group, Inc., et al., respondents.


Balfe & Holland, P.C., Melville, NY (Lee E. Riger of counsel), for appellant.



DECISION & ORDER
In an action to recover on a promissory note and a personal guaranty on the note, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (James Hudson, J.), dated June 5, 2017, and (2) an order of the same court dated December 7, 2017. The order dated June 5, 2017, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint. The order dated December 7, 2017, in effect, denied the plaintiff's motion for leave to renew and reargue its prior motion for summary judgment on the complaint.
ORDERED that the appeal from the order dated December 7, 2017, is dismissed; and it is further,
ORDERED that the order dated June 5, 2017, is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.
The appeal from so much of the order dated December 7, 2017, as, in effect, denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Gentry v Mean, 166 AD3d 583, 583; Matter of Robinson, 30 AD2d 702, 702). The appeal from so much of the order dated December 7, 2017, as, in effect, denied that branch of the plaintiff's motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order dated June 5, 2017.
The plaintiff commenced this action against the defendants Genard Group, Inc. (hereinafter Genard Group), and Yolanda Alicea to recover on a promissory note and a personal guaranty on the note. Thereafter, the plaintiff moved for summary judgment on the complaint. In an order dated June 5, 2017, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff moved for leave to renew and reargue its prior summary judgment motion. In an order dated December 7, 2017, the Supreme Court, in effect, denied the plaintiff's motion for leave to renew and reargue. The plaintiff appeals from these orders.
On its motion for summary judgment on the complaint, the plaintiff made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence of the existence of an underlying promissory note and personal guaranty, and the defendants' failures to make payment in accordance with the terms of those instruments (see Cadlerock Joint Venture, L.P. v Homesell, Inc., 136 AD3d 853, 854; Nunez v Channel Grocery & Deli Corp., 124 AD3d 734, 735; [*2]TD Bank, N.A. v Clinton Ct. Dev., LLC, 105 AD3d 1032, 1035; see also CPLR 105[u]).
We disagree with the Supreme Court's determination that the defendants raised a triable issue of fact in opposition to the motion. Although Alicea asserted in her affidavit submitted in opposition that she discussed with a representative of the plaintiff the "possibility" of changing the loan and payment schedule, Alicea did not assert that there had been an oral modification. In any event, an oral modification would have been unenforceable under the circumstances (see General Obligations Law § 15-301[1]; Bank of Smithtown v 264 W. 124 LLC, 105 AD3d 468, 469). Moreover, Alicea's assertions to the effect that she could not be personally liable conflicted with the unambiguous terms of the commercial guarantee she signed, as guarantor, obligating her for the debt of the borrower, Genard Group (see HSBC Bank USA, N.A. v Laniado, 72 AD3d 645, 645-646; PNC Capital Recovery v Mechanical Parking Sys., 283 AD2d 268, 270-271).
Accordingly, we disagree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the complaint.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court