Intermax Eco, LLC v Eco Family Food Mart Corp (2019 NY Slip Op 03776)





Intermax Eco, LLC v Eco Family Food Mart Corp


2019 NY Slip Op 03776


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-00941
 (Index No. 508499/17)

[*1]Intermax Eco, LLC, appellant, 
v
Eco Family Food Mart Corp, et al., respondents.


The Leyvi Law Group, P.C., Brooklyn, NY (Maksim Leyvi of counsel), for appellant.
Mitchell & Incantalupo, Forest Hills, NY (Andrey Demidov of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover on a promissory note and a personal guaranty, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 30, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on a promissory note and a personal guaranty.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on a promissory note and a personal guaranty is granted.
In April 2015, the defendant Eco Family Food Mart Corp (hereinafter Eco Family) executed a promissory note in favor of the plaintiff for the principal sum of $150,000 in connection with an asset purchase agreement by which the plaintiff agreed to sell to Eco Family a grocery market in Brooklyn. The promissory note was personally guaranteed by the defendants Jerzy Woloszyn and Jacek Szklarski, and required Eco Family to make 24 equal monthly payments to the plaintiff in the sum of $6,513.74, commencing on May 2, 2015. Eco Family made the required payments between May 2, 2015, and June 2, 2016, but thereafter failed to make payment as required by the promissory note.
By summons and complaint dated May 1, 2017, the plaintiff commenced this action against the defendants to recover on the promissory note and the personal guaranty and to recover damages for unjust enrichment and on an account stated. Subsequently, the plaintiff moved, inter alia, for summary judgment on the cause of action to recover on the promissory note and the guaranty. In opposition to the motion, the defendants argued that the plaintiff had failed to give notice of default prior to commencing litigation in the form required by the promissory note, that they were entitled to an offset against the sums due because of an alleged breach of the asset purchase agreement, and that summary judgment was premature because no discovery had taken place.
In an order dated November 30, 2017, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action to [*2]recover on the promissory note and the guaranty. The plaintiff appeals.
" A promissory note is an instrument for the payment of money only, provided that it contains an unconditional promise by the borrower to pay the lender over a stated period of time'" (Estate of Hansraj v Sukhu, 145 AD3d 755, 755, quoting Lugli v Johnston, 78 AD3d 1133, 1134). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the cause of action to recover on the promissory note and the guaranty through its submission of the promissory note, which contained an unequivocal and unconditional obligation to pay, Woloszyn and Szklarski's personal guaranty, and an affidavit setting forth Eco Family's default (see Margarella v Ullian, 164 AD3d 898, 899; Assevero v Rihan, 144 AD3d 1061, 1062; DCFS USA, LLC v Metro Constr. Equities, 122 AD3d 565, 566; Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc., 114 AD3d 912, 912-913).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact with respect to a bona fide defense (see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 790; Rachmany v Regev, 115 AD3d 840, 841; Gullery v Imburgio, 74 AD3d 1022). Woloszyn's affidavit, submitted to try to establish the defendants' right to offset the amount due under the promissory note pursuant to the terms of the asset purchase agreement, was conclusory and contained no specific factual references entitling the defendants to relief (see Estate of Hansraj v Sukhu, 145 AD3d at 755; Gullery v Imburgio, 74 AD3d 1022; J.A. Grammas Assoc., Architectual and Eng'g Servs. v Ehrlich, 229 AD2d 517). In addition, the record demonstrated that the plaintiff's notice of default was given in accordance with the terms of the promissory note and the asset purchase agreement (cf. Brooklyn Store, LLC v Rosenberg, 145 AD3d 844; HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966).
Contrary to the defendants' contention, the plaintiff's motion for summary judgment was not premature. "[W]hile a party is entitled to a reasonable opportunity to conduct discovery in advance of a summary judgment determination, [a] party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Skura v Wojtlowski, 165 AD3d 1196, 1200 [citations omitted], quoting Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310; see Salameh v Yarkovski, 156 AD3d 659, 660; Haque v Daddazio, 84 AD3d 940, 942). "The mere hope or speculation that evidence sufficient to defeat the motion might be uncovered during discovery is an insufficient basis for denying the motion" (CitiMortgage, Inc. v Guillermo, 143 AD3d 852, 854; see Haque v Daddazio, 84 AD3d at 942). Here, the defendants failed to satisfy their burden of demonstrating that the plaintiff's motion for summary judgment was premature.
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover on the promissory note and the personal guaranty.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court