Loewenberg v Basnight (2019 NY Slip Op 04157)





Loewenberg v Basnight


2019 NY Slip Op 04157


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-03846
 (Index No. 615635/17)

[*1]David Loewenberg, appellant, 
v
William Kirkland Basnight, respondent.


Pryor Cashman LLP, New York, NY (Lauren B. Cooperman and Lester Schwab Katz & Dwyer, LLP [Paul M. Tarr and Daniel S. Kotler], of counsel), for appellant.
Schlam Stone & Dolan LLP, New York, NY (Jeffrey M. Eilender and Niall D. O'Murchadha of counsel), for respondent.



DECISION & ORDER
In an action to recover on a promissory note, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), entered March 5, 2018. The order denied the plaintiff's motion for summary judgment in lieu of complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 is granted.
The parties are former business partners who jointly owned two restaurants and also jointly owned a company that owned the real estate upon which the restaurants operated. In April 2015, the parties entered into a written purchase agreement whereby the plaintiff sold his interests in the three entities to the defendant at that time. In partial consideration for the sale, the defendant executed a promissory note in favor of the plaintiff in the amount of $585,000, to be paid in three self-amortizing annual installments. Following a default by the defendant under the note in July 2017, the plaintiff commenced this action against the defendant to recover on the promissory note by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court denied the motion, and the plaintiff appeals.
The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting the promissory note, which contains an unconditional obligation to pay, and proof of the defendant's failure to make payments on the note according to its terms (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383; Ahmad v Luce, 147 AD3d 888, 888; Jason J. Weindorf, CPA, P.C. v Wightman, 133 AD3d 822, 822; Luiso v Poehlsen, 125 AD3d 726; Sun Convenient, Inc. v Sarasamir Corp., 123 AD3d 906, 907).
In opposition, the defendant failed to "satisfy his burden of establishing the existence of a triable issue of fact by submitting admissible evidence of a bona fide defense to nonpayment" (Rachmany v Regev, 115 AD3d 840, 841; see Castle Restoration & Constr., Inc. v Castle Restoration, LLC, 122 AD3d 789, 790; New York Community Bank v Fessler, 88 AD3d 667; Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc., 57 AD3d 708, 709-710). The defendant's allegations that the plaintiff breached the nonsolicitation covenant of the purchase agreement are purely [*2]conclusory and unsupported by the record, and, hence, insufficient to defeat the plaintiff's motion (see Rachmany v Regev, 115 AD3d at 841).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment in lieu of complaint.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court