Hempel v Wise (2024 NY Slip Op 00936)

Hempel v Wise

2024 NY Slip Op 00936

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 656844/21 Appeal No. 1725 Case No. 2023-02589 

[*1]Sheryl Hempel et al., Plaintiffs-Respondents,
v
Daniel Wise et al., Defendants-Appellants.

Leech Tishman Robinson Brog, PLLC, New York (Mark I. Zelko of counsel), for appellants.
Albergo Law Group, LLC, New York (Damian L. Albergo and Howard M. Gurock of counsel), for respondents.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered March 27, 2023, inter alia, granting plaintiffs' motion for partial summary judgment, finding defendants liable to plaintiffs pursuant to the terms of their promissory notes and guaranty agreements, dismissing defendants' counterclaims and awarding judgment in plaintiffs' favor, unanimously affirmed, with costs.
Plaintiffs demonstrated their prima facie case for liability under the promissory notes and guarantees. It is undisputed that defendant Daniel Wise signed the promissory notes containing the unconditional obligations to repay the loans, and that Wise and defendant guarantors did not repay the loans by the October 1, 2019 maturity date (Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]; see also Nunez v Channel Grocery & Deli Corp., 124 AD3d 734, 734-735 [2d Dept 2015]). Defendants have failed to meet their burden of establishing a triable issue regarding a bona fide defense (id. at 735).
Defendants' sole argument is that the parties' written amendment (the Amendment) to an agreement to share profits (the Sharing Agreement) altered the payment obligations under the promissory notes such that payment was not due until profits were earned on a real estate project located at 330 Grand Street in Manhattan (the 330 Grand Project), which would then be used to pay the debt. Defendants rely on section 2(d) of the Amendment in support of this argument, which provides that "at any time a payment of Shared Compensation is to be made" under the Sharing Agreement or its Amendment, that the share of compensation otherwise payable to Wise would "instead be paid and applied in prepayment and/or satisfaction of such obligations and liabilities [under the Promissory Notes] until such time as such obligations and liabilities are satisfied in full."
While defendants quote the relevant portion of the Amendment, they do not point to language that alters the unequivocal and unconditional maturity date of the promissory notes on October 1, 2019 (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). Nor do they point to language in the Sharing Agreement or its Amendment that would make the source of the loan repayment the hypothetical profits from the 330 Grand Project. Rather, the unambiguous language simply provides that, if Wise still owed money to plaintiffs under the Promissory Notes, any funds he would otherwise be entitled to under the Sharing Agreement would first be paid to plaintiffs until the debts were repaid. The court properly awarded summary judgment on the promissory notes and the guarantees.
The court also properly dismissed defendants' counterclaims. Defendants' breach of fiduciary duty counterclaim is premised on the theory that plaintiff Hempel was Wise's "partner" in the 330 Grand Project and that Hempel breached her fiduciary duty to him in various ways. The Sharing Agreement specifically provides that the "relationship [*2]of the parties under this Agreement is that of independent contractors, and this Agreement does not establish any partnership among the parties or between any of them." The parties' intentnot to form a partnership supports dismissal of the breach of fiduciary duty counterclaim.
The court also properly dismissed defendants' counterclaim for breach of the Sharing Agreement. Generally, a party's breach of contract allegations must demonstrate "the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated" (Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]). Defendants' counterclaim for breach of the Sharing Agreement is based on their allegations that Hempel failed to "fully, properly and timely complete the Project, improperly delaying the Project, failing to make payments for the Project, and improperly changing the design and scope of the Project," and that she breached her duty of implied good faith and fair dealing under the contract. Defendants fail to support these conclusory allegations with specific facts demonstrating how the Sharing Agreement was breached, either in their counterclaim or in the affidavit submitted in support of their opposition to the underlying motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024